ALPHONSO HADLEY, Appellant, v. T. N. COFFIN, Appellee.

**PARTNERSHIP:** Wrongful Suit—Contribution. A partner who, subsequent to the dissolution of the partnership, is wrongfully sued in tort on a partnership transaction may not enforce contribution from his former partner for the expense attending such suit.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

MARCH 23, 1920.

ACTION by one member of a firm to recover from his former partner contribution for expenses incurred in defending a suit against himself for fraud practiced in the sale of land for the firm. Demurrer to petition sustained. Petition dismissed. Plaintiff appeals.—*Affirmed.*

*A. V. Proudfoot,* for appellant.

*Berry & Watson,* for appellee.

GAYNOR, J.—Plaintiff alleges that, during the year 1911, and up to the 28th day of October, 1914, he and defendant were partners, engaged in the real estate business in Indianola, Iowa, under the firm name of Coffin & Hadley; that, in the spring of 1911, as agent for the owners, they exchanged with B. G. Clark a quarter section of land in Wyoming for Indianola, Iowa, property, and sold to J. W. Buckingham another quarter section in the same state. After these deals were completed, and after the partnership had been dissolved, the purchasers brought separate suits against him to recover damages on account of alleged false and fraudulent representations made as to the quality of the lands sold. In each of these suits he made a defense, and alleges that this defense was made in behalf of the partnership of Coffin & Hadley; that Coffin, as a member of the firm, participated in whatever false and fraudulent representations were made, and in all of the transactions leading up to the exchange and sale, and was equally active with the plaintiff in consummating the deals; that, in defending said suits, brought against him personally, he was compelled to employ counsel, and incur expense in so doing, and he has paid the same.

He brings this action to recover contribution from the defendant, his former partner, and demands judgment for one half of the attorney's fees so incurred in defending said suits; and states that both of said suits terminated in his favor.

The second count of the petition is substantially the same as the first count, except that it seeks to recover one half of the expenses necessarily incurred in going to Wyoming and securing testimony to be used in the defense of the suits aforesaid.

Defendant demurred to the several counts of plaintiff's petition, and this demurrer was sustained, and plaintiff's petition dismissed. Plaintiff appeals.

The only question here presented is: Did the court err in sustaining the demurrer? The demurrer was predicated on the thought that the expenses sought to be recovered were expenses incurred in an action against the plaintiff, individually, and that the defense was made in his own behalf, and not for this defendant, or for the firm of Coffin & Hadley, who were not sued, and were not made parties. Second, that this defendant had no legal interest in these suits; that, in the event judgment had been obtained against this plaintiff, this defendant could not have been required to contribute to the payment of the same, for the reason that the cause of action in each of said suits was based upon alleged tort, committed by the plaintiff knowingly, and was a tort of such a nature that contribution could not have been compelled, even between partners.

The case of *Clark v. Hadley*, referred to in the petition, came to this court, and is reported in 181 Iowa 487. This court affirmed the judgment of the court below in favor of Hadley.

The demurrer admits all the facts well pleaded, but not necessarily the conclusions of the pleader. The petition shows the following facts: Plaintiff and defendant entered into partnership in the year 1911, and continued until some time in October, 1914. While this partnership existed, they had certain lands in Wyoming for sale or trade. They sold or traded to Clark a certain portion of the land in Wyoming, and to Buckingham another portion. Before this deal was consummated, Hadley and Coffin both visited Wyoming, in company with Clark and Buckingham. The Wyoming lands were inspected and purchased through the firm. These deals were completed, and the commission paid to the firm. Thereafter, in December, 1915, and after the firm

had been dissolved, Clark and Buckingham each brought separate suits against this plaintiff, Hadley, individually, alleging that he made certain false and fraudulent representations touching the land. Recovery was sought in tort on account thereof. In those suits it was not alleged that the defendant, Coffin, made any of the false representations upon which the suit was predicated, nor was it alleged that he was party in any way to the fraud upon which the suits rested. These suits were both tried, and both terminated in favor of this plaintiff, and he was exonerated from any liability on account of the alleged fraud. In defending himself against those suits, plaintiff incurred the expense for which he now sues; and it is on account of the expense so incurred that he seeks contribution from this defendant. It will be noted that, when this transaction took place, out of which the Clark and Buckingham suits grew, the plaintiff and defendant were partners. It will be noted that the partnership had been dissolved, and they were no longer partners, at the time these suits were commenced. It will be noted that no claim was made there against this defendant, and it will be noted that no claim is now made that this defendant perpetrated any fraud on either Clark or Buckingham, nor was it affirmatively alleged in either of the cases that the fraud was practiced by the firm, or that this plaintiff was authorized by the firm to make any of the allegations upon which the fraud was predicated. The firm was not impleaded, and in no event could a judgment be entered against the firm, even had the plaintiffs in these suits been successful. It is not shown in this petition, or alleged, that defendant in this suit made any false or fraudulent representations for which he could be made personally liable in any suit brought by either Clark or Buckingham. The best that can be said for the petition is that plaintiff was active in consummating the deal with Clark and Buckingham. It affirmatively appears that nei-

ther the plaintiff nor the defendant practiced any fraud upon either Buckingham or Clark. It therefore appears that the plaintiff was wrongfully sued by Buckingham and Clark for a fraud that was never practiced by either the firm, Coffin, or Hadley. The verdict and judgment of the court in each of said cases determined conclusively that the fraud charged was not practiced on either Buckingham or Clark. There was, therefore, no tort committed, either jointly or otherwise. It appears that Hadley was unjustly charged with the commission of a tort—a tort which had not been committed by him. This unjust charge, however, called on Hadley for defense. The judgment in those cases finally and conclusively shows that the fraud charged had not been committed, for which either the firm, Coffin, or Hadley could be held responsible. The record simply presents a case in which one member of a firm, transacting business for the firm, was wrongfully charged with the commission of a tort, defends against the charge, and is acquitted. The theory upon which the acquittal rests is that no tort was committed. There was, therefore, no liability on the part of anyone. Further than that, liability for the tort, if one had been committed, was not sought in the action to be enforced against anyone but Hadley. It was charged as his independent tort, to which a personal liability attached. This case presents no grounds for assuming that it was a joint tort, or any tort for which either the firm or any member of the firm is liable. It presents, therefore, no basis for contribution.

The question here presented, we do not find has ever been passed upon by this court before.

Applying general principles to the facts herein stated, we hold that the court was right in sustaining the demurrer, and that the petition presented no cause of action against this defendant; and its action is, therefore,—*Affirmed*.

WEAVER, C. J., LADD and STEVENS, JJ., concur.